THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant, v. PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, SECOND DISTRICT, et al., Respondents.

**Public service commission — railroads — commission has no authority to compel two railroads running parallel with each other in a city, but not connected, to build tracks and facilities for interchange of freight between the roads — such connections may be ordered only by interstate commerce commission.**

1. The public service commission made an order directing two railroad companies, engaged in interstate and intrastate commerce, whose lines run through the city of Batavia about a mile apart, to reconstruct a switch or track connecting their lines and install other tracks and facilities so as to furnish adequate and convenient interchange of freight between said railroads. *Held*, that under the Public Service Commissions Law (Cons. Laws, ch. 48, § 35, amd. L. 1920, ch. 637) the public service commission had no authority to make such order.

2. Both of the railroads in question being engaged in interstate and intrastate commerce, the relief sought can be granted only by the Federal interstate commerce commission in compliance with the Interstate Commerce Act (§ 3, ¶ 2), as amended by the Transportation Act of 1920 (§ 402).

*People ex rel. New York Central Railroad Co.* v. *Public Service Comm.*, 195 App. Div. 426, reversed.

(Argued January 11, 1922; decided March 7, 1922.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered February 28, 1921, which dismissed a writ of certiorari and confirmed a determination of the public service commission directing the relator to extend its tracks to connect with the Lehigh Valley Railroad Company at Batavia.

*Maurice C. Spratt* for appellant. The public service commission has no jurisdiction over this matter, for the federal Act to Regulate Commerce was amended in 1920, so as to give the interstate commerce commission exclusive jurisdiction over an interchange such as is asked for in this proceeding. (*Erie R. R. Co.* v. *People,* 233 U. S. 671; *Southern Ry. Co.* v. *R. R. Comm.,* 236 U. S. 448; *C., R. I. & P. Ry. Co.* v. *Harwick,* 226 U. S. 426; *McNeill* v. *Southern Ry. Co.,* 202 U. S. 543; *St. Louis, I. M. & S. Ry. Co.* v. *Edwards,* 227 U. S. 265; *Chicago, K. & S. Ry. Co.* v. *Kindlesparker,* 234 Fed. Rep. 1; *Railroad Commission of Louisiana* v. *Texas & P. Ry. Co.,* 229 U. S. 336; *Northern Pac. Ry. Co.* v. *State of Washington, etc.,* 222 U. S. 370.) The public service commission and the Appellate Division erred in holding that an interstate act of transportation is completed when a car of merchandise consigned to Batavia arrives over the Lehigh at Batavia but still has to be transferred to the New York Central for delivery by it to some consignee on its line in Batavia. (*Southern Ry. Co.* v. *Greensboro I. & C. Co.,* 134 Fed. Rep. 82; *R. R. Comm.* v. *T. & P. Ry. Co.,* 229 U. S. 336; *N. P. Ry. Co.* v. *State,* 222 U. S. 370.) Section 35 of the Public Service Commissions Law cannot be construed so as to give the public service commission authority to make the order complained of. If, however, the statute is susceptible of the construction placed upon it by the public service commission and Appellate Division, the same violates both the state and federal Constitutions, in that it deprives the relator of its property without due

process of law and without just compensation. (*People ex rel. N. Y. C. R. R. Co.* v. *P. S. Comm.*, 177 App. Div. 208; 223 N. Y. 582; *Louisville, etc., R. R. Co.* v. *Stock Yards Co.*, 212 U. S. 132.)

*Ledyard P. Hale* for respondents. The public service commission has jurisdiction over the matter; the Transportation Act, 1920, amending the Act to Regulate Commerce, expressly excepted spur and switching tracks located wholly within one state from the authority of the interstate commerce commission. (Act to Regulate Commerce, § 1, par. 22; Pub. Serv. Comm. Law, §§ 35, 49, 50.) The state of New York, in view of the exclusion of spur, industrial, team, switching and side tracks located or to be located wholly within one state from the authority of the interstate commerce commission, has the necessary police power, which it has delegated to the public service commission, to support the order made by the commission herein. (*Missouri Pacific Ry.* v. *Larabee Mills*, 211 U. S. 612; *Wisconsin, etc., Co.* v. *Jacobson*, 179 U. S. 287; *Penna. Gas Co.* v. *Pub. Serv. Comm.*, 225 N. Y. 397; *Penna. Gas Co.* v. *Pub. Serv. Comm.*, 252 U. S. 23; *Raymond* v. *Chi., Mil. & St. P. Ry. Co.*, 243 U. S. 43; *New York Central R. R. Co.* v. *White*, 243 U. S. 188; *Seaver* v. *Payne*, 198 App. Div. 423.)

Hogan, J. The relator, New York Central Railroad Company, and the Lehigh Valley Railroad Company are severally engaged as common carriers in interstate and intrastate commerce. The main line of the road of relator runs easterly and westerly through the northerly part of the city of Batavia, which is located about midway between the city of Rochester and the city of Buffalo. The Lehigh Valley Company's road runs in an easterly and westerly direction through the southerly portion of the city of Batavia about one mile southerly of the center of the city and the roadbed of relator's road. Interchange

of freight is made between the two roads at a terminal near Buffalo on the west and at Geneva on the east.

In or about the year 1891, a connecting track between the two roads was constructed at Batavia pursuant to an agreement made between the companies, whereby trackage rights were temporarily afforded to the Lehigh Valley Company from Batavia to Suspension Bridge over the line of the New York Central. About 1896, the Lehigh Valley Railroad Company having completed its main line of road to Suspension Bridge, the maintenance of the connection under the agreement was discontinued, and at the point where the track met the road of relator the same was removed for a distance of about one hundred feet, thus preventing further connection between the roads at that point and the tracks have since remained in that condition. The portion of the track still remaining has been used by the Lehigh Valley Company for collection and delivery of cars to and from an industrial plant. The New York Central also maintains a separate private switch to the same industrial plant.

In June, 1920, the Chamber of Commerce of the city of Batavia made complaint to the public service commission that the manufacturing and mercantile interests of the city of Batavia were greatly discommoded and damaged as was also the community at large in that city by reason of the failure of the relator and the Lehigh Valley Company to provide facilities for interchange of cars. A hearing was subsequently had before the public service commission and an order made on the second day of September, 1920, which required " the New York Central Railroad Company and the Lehigh Valley Railroad Company * * * to make such track connections between the railroads owned or operated by them in or near the city of Batavia, N. Y., and to lay and install such other tracks and facilities as shall be necessary or proper to establish and furnish adequate and convenient interchange of freight between said railroads in said city

and destined for consignees in said city or to be shipped from said city. Said connection to be made by repairing and completing the track now connected with the tracks of the Lehigh Valley Railroad Company and extending in a curved direction to a point near the tracks of the New York Central Railroad, which said track was formerly connected with the track of said New York Central Railroad Company. * * * That lawful tariff schedules be filed with this Commission by both of said carriers at or before the time of the installation of such interchange facilities which shall contain the just and reasonable charges for the service involved in such interchange." The determination made by the commission was reviewed by certiorari at the Appellate Division and unanimously affirmed.

The fundamental question presented upon this appeal is the power of the public service commission to make the order complained of.

On behalf of the commission the assertion is made that authority of that body to make the order under review is conferred by section 35, Public Service Commissions Law (Cons. Laws, ch. 48), as amended by chapter 637, Laws of 1920, and that such amendment was enacted with a view of covering cases like unto the present case. We are, therefore, to consider the section of the statute as it existed prior and subsequent to the amendment. So far as material to the question under consideration, the section in substance is as follows (the amendment to the same being italicized and the section being treated as one consisting of two subdivisions, A and B):

(A) " Every common carrier is required to afford all reasonable, proper and equal facilities for the interchange of passenger and property traffic between the lines owned, operated, controlled or leased by it and the lines of every other common carr'er, and for the prompt transfer of passengers and for the prompt receipt and forwarding of property to and from its said lines; * * * This section

shall not be construed to require a common carrier to permit or allow any other common carrier to use its tracks or terminal facilities. (B) Every common carrier, as such, is required to receive from every other common carrier, at a connecting point, freight cars of proper standard, and haul the same through to destination, if the destination be upon the line owned, operated or controlled by such common carrier, *and such service shall not be construed as requiring a common carrier to permit or allow any other common carrier to use its tracks or terminal facilities.*"

Prior to the amendment of the section in 1920 it was held by this court that the public service commission under the language of the section was prohibited from directing the relator here, and the International Railway Company to make track connections and lay switchings and sidings so as to constitute an adequate and complete system for the interchange of freight cars between the two railroads in the city of Lockport. (*People ex rel. N. Y. C. R. R. Co.* v. *Public Service Commission,* 177 App. Div. 208; affd., 223 N. Y. 582.)

The order of the commission was evidently intended to cover the two cases " A " and " B " of the statute. It commands the two trunk line roads which traverse the city of Batavia, one through the southerly portion of the city, the other a distance of half mile to one mile northerly of the first road through the city, to make track connections between the two roads. Necessarily it must follow that if such power exists, it may likewise be extended to trunk lines operating at much greater distances apart, and under the statute if the order were complied with neither one of the carriers, as against the other, would be permitted to use the tracks or terminal facilities of the objecting carrier. That portion of the statute (A) was in force at the time of our decision in the case cited and without further comment as to the same, the decision cited must be held controlling. We

pass to the statute as amended in 1920 (B). As the same read at the time of our decision, it required a carrier to receive from every other carrier at a *connecting point* freight cars and haul the same through to destination if such destination be upon its line; then followed the amendatory words of the statute of 1920, " and such service shall not be construed as requiring a common carrier to permit or allow any other common carrier to use its tracks or terminal facilities." The city of Batavia is not a connecting point between the two roads; each road maintains its separate freight and passenger stations. Interchange of freight between the two roads is made at terminals east and west of the city of Batavia. At such points the roads connect. At Geneva the relator's road under the statute is required to receive a car destined and billed for Batavia if tendered it by the Lehigh road. The latter road may, however, transport such car to Batavia unless billed west of Geneva over the lines of relator and deposit the same at its freight house at Batavia. The order of the commission requires track connections to be laid and maintained between the two roads at the city of Batavia to permit interchange of freight destined for consignees in said city or to be shipped therefrom and tariff schedules to be filed for service to be rendered in such interchange. The amendment of the section in 1920 was ineffectual to enlarge the powers of the public service commission.

We are also of opinion that the relator and the Lehigh Valley Company being engaged in interstate and intrastate commerce, the relief sought in this proceeding can be granted only by the interstate commerce commission.

The Transportation Act of 1920, section 402, amended the second paragraph of section 3 of the Interstate Commerce Act to provide: " All carriers, engaged in the transportation of passengers or property, subject to the provisions of this Act, shall, according to their respective powers, afford all reasonable, proper and equal facilities

for the interchange of traffic between their respective lines, and for the receiving, forwarding and delivering of passengers or property to and from their several lines and those connecting therewith, and shall not discriminate in their rates, fares and charges between such connecting lines, or unduly prejudice any such connecting line in the distribution of traffic that is not specifically routed by the shipper."

A violation of that provision of the act of Congress authorizes a complaint by any interested party to the interstate commerce commission, and after a hearing before that commission to such relief as the facts warrant. The interstate commerce commission is clothed with authority by the section quoted to compel carriers to afford reasonable and proper facilities for the interchange of traffic between their respective lines. The order made by the public service commission commands relator and the Lehigh Valley to make such track connections between their roads as shall be necessary or proper to establish and furnish adequate and convenient interchange of freight between said roads. To sustain the order of the public service commission in the instant case would necessarily establish that the two several commissions mentioned were clothed with jurisdiction to grant the relief sought and require us to ignore the well-established principle of law that the Congress having delegated to the interstate commerce commission power to deal with the subject-matter of this proceeding, an exercise of like power by the state is thereby superseded. (*Erie R. R. Co.* v. *People of the State of New York,* 233 U. S. 671; *Chicago, R. I. & P. Ry. Co.* v. *Hardwick Elevator Co.,* 226 U. S. 426.)

Counsel for the public service commission calls attention to subdivision 22 of section 1 of the Interstate Commerce Act, as amended by section 402, Transportation Act, 1920, which reads as follows: " The authority of the commission conferred by paragraphs (18) to (20), both

inclusive, shall not extend to the construction or abandonment of spur, industrial, team, switching or side tracks, located or to be located wholly within one state, or of street, suburban, or interurban electric railways, which are not operated as a part or parts of a general steam railroad system of transportation."

Paragraphs (18) to (21) referred to prohibit a carrier from extending its line of road or the construction of a new line of road, or the operation of any extension save when permitted so to do in the manner provided for in the paragraphs enumerated. Counsel for the commission argued that the line or piece of road ordered to be constructed being wholly within the state, the public service commission was empowered to make the order under review. We do not coincide with the argument of counsel. The track ordered to be constructed was not a spur, industrial, team, switching or side track, but rather as stated in the order of the commission was a track connection between the two roads of relator and the Lehigh Valley and said two roads were also commanded to lay and install such other tracks as may be necessary to furnish adequate and convenient interchange of freight between said railroads.

The order of the Appellate Division should be reversed and the determination of the public service commission annulled, with costs in this court and the Appellate Division.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN and ANDREWS, JJ., concur; CRANE, J., concurs on first ground stated in opinion; POUND, J., not voting.

Order reversed, etc.