CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY and another, Appellants, vs. RAILROAD COMMISSION OF WISCONSIN and others, Respondents. [Two cases.]

*June 10—October 10, 1922.*

*Public utilities: Jurisdiction of railroad commission: Order requiring railroads to connect tracks: Action to test order refusing to rescind former order.*

1. No action will lie under sec. 1797—16, Stats., to test the lawfulness or reasonableness of an order of the railroad commission denying a motion to rescind an order formerly made based upon the same facts.

2. Where there is evidence from which the commission can find that a connecting track at a crossing is reasonable and necessary, such finding, being one of fact, is conclusive.

3. Where an order of the commission directing railroad companies to connect their tracks at a crossing not at grade was made after a hearing, the commission acted under sec. 1797—11,. Stats., giving general authority to direct a connecting track to be built where reasonable and necessary for interstate traffic, and not under sec. 1802c, applying to crossings at grade and requiring no hearing.

4. Sec. 1797—11, Stats., requiring railroads to afford all reasonable and proper facilities for the interchange of traffic between their lines, confers jurisdiction on the commission to order a connecting track at a crossing not at grade where such track is necessary and its construction is not unreasonable. [Whether the federal Transportation Act of 1920 (41 U. S. Stats. at Large, 479, ch. 91), by sec. 405, so amended sec. 3 of the Interstate Commerce Act as to take away the jurisdiction of a state commission over connecting tracks, not considered, as the proceedings were begun and the order made before the passage of the federal act.]

APPEALS from two judgments of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

On October 16, 1917, the *Railroad Commission,* after a due hearing, ordered the plaintiffs to connect their tracks where they crossed each other at Lemington, Wisconsin. The crossing is not at grade. The *Minneapolis, St. Paul & Sault Ste. Marie* line passes about twenty-six feet under the *Chicago, St. Paul, Minneapolis & Omaha* line. On May 12, 1921, the *Railroad Commission* refused to rescind its former order, and actions to test the lawfulness or reasonableness of both orders were seasonably begun in the circuit court for Dane county. That court sustained both orders, and from judgments entered accordingly the plaintiffs appealed.

For the appellants there was a brief by *R. L. Kennedy* of St. Paul, *A. H. Lossow* of Minneapolis, and *Sanborn, Blake & Aberg* of Madison, and oral argument by *Mr. John B. Sanborn* and *Mr. Kennedy.*

For the respondent *Railroad Commission* there was a brief by the *Attorney General* and *Ralph M. Hoyt,* deputy attorney general, and a separate brief for the respondents by *Mr. Hoyt, Mr. E. E. Brossard,* assistant attorney general, and *McGill & Williams* of Ladysmith; and the cause was argued orally by *Mr. Hoyt.*

The following opinion was filed July 8, 1922:

VINJE, C. J.   No action will lie under sec. 1797—16, Stats., to test the lawfulness or reasonableness of an order denying a motion to rescind an order formerly made based upon the same facts.   If it did, the limitation of ninety days for bringing an action to test the lawfulness of an order made by the *Commission* would be abrogated, for such a motion to rescind could be made at any time.   The appeal from the judgment sustaining the order of May 12, 1921, is therefore dismissed, as it was based upon the same facts as the original order.

It remains to consider the lawfulness of the original order.   A forceful argument is made by the plaintiffs touching the reasonableness or necessity of a connecting track. All we need to say upon this question is that there was evidence from which the *Commission* could find that it was necessary and reasonable.   The conclusiveness of a finding of fact by the *Commission* has been so often stated by this court that it needs no repetition.

It is claimed by the plaintiffs that the *Commission* in making the original order acted under sec. 1802*c,* Stats., and had no power to act under any other statutory provisions; that sec. 1802*c* does not apply to a crossing not at grade, and that therefore there is no warrant in law for the *Commission's* order.   We think it is clear that the *Commission* acted under sec. 1797—11, which provides:

"All railroads shall afford all reasonable and proper facilities for the interchange of traffic between their respec-

tive lines for forwarding and delivering passengers and property, and shall transfer, switch for a reasonable compensation, and deliver without unreasonable delay or discrimination any freight or cars, loaded or empty, destined to any point on its tracks or any connecting lines."

This section was first enacted in 1905, and gives the *Commission* ample authority to direct a connecting track to be built where it is reasonable and necessary for the handling of intrastate traffic. Sec. 1802c was enacted in 1911 and reads as follows:

"Every railway corporation whose track crosses the track of any other railway corporation at grade in any town, city, or village, or whose tracks and right of way shall be adjacent to the tracks and right of way of any other railway corporation, within the limits of any town, city or village, shall, within sixty days after a written request of the railroad commission, the town board of supervisors, city council or village board, make a track connection between each other within such town, city, or village, to afford all reasonable and proper facilities for the interchange of traffic between their respective lines for forwarding and delivering freight, and shall transfer or switch and deliver without unreasonable delay or discrimination any freight or cars, loaded or empty, destined to any point on its tracks or any connecting line, and the expense thereof shall be borne equally between each of the said corporations, unless otherwise ordered by the railroad commission.

"2. The provisions of this section shall not apply to counties having a population of one hundred fifty thousand or more."

It is evident that these statutory provisions are specific and additional to those contained in sec. 1797—11, which are general. In sec. 1802c the parties who may make the request are specified. No order of the *Commission* is necessary under it. Crossings must be at grade before it can apply, and they must be in a county containing a population of less than 150,000.

In the instant case a hearing was had and evidence was taken before the order was made. That is not necessary

under sec. 1802*c*. So it is clear that the *Commission* acted under the general authority granted by sec. 1797—11.

But it is argued that even sec. 1797—11 does not confer jurisdiction upon the *Commission* to order a connecting track, and the case of *People v. Public Service Comm.* 233 N. Y. 113, 135 N. E. 195, is cited in support of the argument. In that case two roads at Batavia, New York, about a mile apart, were sought to be connected by restoring a connecting track that had formerly existed between them by agreement. The roads maintained connecting tracks both east and west of Batavia. The court of appeals reversed the order of the Public Service Commission requiring a connection, on two grounds: first, because the New York statute contained a limitation in it, twice repeated, to the effect that it should "not be construed as requiring a common carrier to permit or allow any other common carrier to use its tracks or terminal facilities;" and second, because Congress, by the passage of the Transportation Act of 1920 (41 U. S. Stats. at Large, 479, ch. 91), sec. 405, so amended the second paragraph of sec. 3 of the Interstate Commerce Act as to give the interstate commerce commission jurisdiction of connecting tracks, and by so doing took away the right of a state commission to act upon the subject. The latter reason, even if conceded to be a valid one where it applies, and upon that subject we express no opinion, does not affect this case because the proceedings were begun and the order made before the passage of the federal act. The language of this act is as follows:

"All carriers engaged in the transportation of passengers or property, subject to the provisions of this act, shall, according to their respective powers, afford all reasonable, proper, and equal facilities for the interchange of traffic between their respective lines, and for the receiving, forwarding, and delivering of passengers or property to and from their several lines and those connecting therewith."

This language is very similar to our sec. 1797—11, and the New York court in the case cited says relief for a

connecting track must come through the federal act, indicating quite clearly that our act without the limitation of the New York act is considered by that court as authority for commission action in respect to connecting tracks. But it is not necessary to resort to such an inference to support the order of the *Commission*. Where a connecting track is necessary for intrastate traffic and its construction not unreasonable, the statute says the road shall furnish the service, and it is the duty of the *Commission* to see that the statutory requirements are complied with. When the *Commission* determined as facts that a connection track was necessary and was not unreasonable, the statute stepped in and said the connecting track must be built. In no other way can the statutory requirement that "all railroads shall afford all reasonable and proper facilities for the interchange of traffic between their respective lines" be complied with.

*By the Court.*—The judgment sustaining the order of October 16, 1917, is affirmed, and the appeal from the judgment sustaining the order of May 12, 1921, is dismissed.

Owen, J., took no part.

A motion for a rehearing was denied, with $25 costs, on October 10, 1922.