PEOPLE OF THE STATE OF NEW YORK ex rel. WAITT OPERATING Co., INC., Relator, *v.* HENRY M. GOLDFOGLE and Others, as Commissioners of Taxes and Assessments of the City of New York, Defendants.

Supreme Court, New York Special Term, August, 1923.

Taxes — certiorari — assessment of building in the city of New York — when building divided into suites of rooms not an " hotel "— when entitled to benefit of exemption from taxation granted new buildings by Laws of 1922, chap. 281.

On the ground floor of a fifteen-story building in the city of New York, owned by relator, there are stores and a restaurant not conducted by relator but in

342 People ex rel. Waitt Operating Co., Inc., *v.* Goldfogle.

Supreme Court, August, 1923. [Vol. 121

part controlled by it through an elaborate contract of lease. There are one hundred and forty-one rooms in the building so arranged that they may be grouped in suites of one and two rooms with bath, three and four rooms with two baths and five rooms with three baths, but no suites of more than five rooms have ever been occupied as such. One hundred and thirteen rooms are leased to permanent tenants and about twenty per cent of the total number of rooms are being used temporarily by transients in order to derive an income therefrom pending attempts to lease them for long terms like the rest of the rooms. There are no public rooms or public accommodations usually associated with the idea of an hotel except a small reception room. The commissioners of taxes and assessments taxed the building for the year 1922 as an hotel. *Held*, that a motion for a writ of certiorari to correct said assessment for the purpose of obtaining the benefit of the exemption granted by a city ordinance passed by virtue of the authority of section 4-b of chapter 281 of the Laws of 1922, which exemption applies to " new buildings therein planned for dwelling purposes exclusively, except hotels," will be granted.

Application for certiorari.

*Frederic H. McCoun,* for relator.

*George P. Nicholson,* corporation counsel, for defendants.

Bijur, J. This is an application for a writ of certiorari to correct the assessment of real estate taxes for the year 1922 for the purpose of obtaining the benefit of the exemption granted by city ordinance No. 112, passed under the authority of section 4-b of chapter 281 of the Laws of 1922. This exemption applies to " new buildings therein planned for dwelling purposes exclusively, except hotels." The commissioners of taxes and assessments have held plaintiff's building to be a hotel. It is situated at the southeast corner of Madison avenue and Fifty-fourth street and is fifteen stories in height. On the ground floor are stores and a restaurant, not conducted by the relator, but in part controlled by it through a rather elaborate contract of lease. There are one hundred and forty-one rooms in the building, substantially ten on a floor. The suites are so arranged that the rooms may be grouped in suites of one and two rooms with bath, three and four rooms and two baths and five rooms with three baths. No suites of more than five rooms have ever been occupied as such. One hundred and thirteen rooms are leased to permanent tenants; twenty-eight rooms are used by transients; seventy-four rooms were furnished by the landlord, of which fifty-six have been leased on long-term leases, and twenty-eight rooms devoted to transients. At the entrance hall is a small " desk " with a telephone " central," with which every room is connected. There are no kitchens in any of the rooms. There is an entrance to the restaurant from the main hall of the building. Linens are supplied to transients and to occupants of the furnished rooms under lease. Very limited

personal service is furnished. There are two extra doormen, who do errands in exchange for gratuities. Ice water is obtained in the same way by telephoning the restaurant. These are no public rooms in the building except a small reception room. The building was originally planned as a " non-housekeeping apartment house." Subsequently it was called " Hotel Weylin," which name has been preserved. In *Waitt Const. Co., Inc., v. Chase*, 197 App. Div. 327; affd., 233 N. Y. 121, this class of building was recognized as distinguished from a hotel, and although the service offered by the landlord in that case was far more extensive than in the instant one the opinion in the Appellate Division points out that it is to be classed as an apartment house and not a hotel. Although the decision in that case that the premises were subject to the Rent Laws may be said ultimately to have turned upon the exemption provision that it must contain one hundred and twenty-five rooms or more devoted to hotel purposes, I think that it may safely be said that the character of the building as an apartment house was practically adjudicated. Indeed I do not understand the learned corporation counsel to dispute that conclusion. So much being clear, I see no ground for holding that this building does not come within the exemption of the tax ordinance. The mere fact that a building constructed and operated as a hotel in the common acceptation of that term may be occupied by a few tenants on long leases would certainly not change the character of the building as a whole. The converse is true here. The rooms occupied by transients, forming but twenty per cent of the total number of rooms, are being so used only temporarily in order to derive an income therefrom pending attempts to lease them for long terms, like the rest of the rooms. Even the " transient " rooms are charged for by the room and not by the number of persons who may occupy them. The building is without any of the public rooms or public accommodations usually associated with the idea of a hotel. Under these circumstances I think that the building is to be regarded as having maintained its original character of an apartment house, unaffected by the casual fact that some of the rooms are temporarily devoted to purposes which have some of the elements of hotel accommodation. Indeed, to quote from the language of the court in the *Waitt Case, supra:* " If the use of these 15 rooms for hotel purposes gives this building the character of a hotel so as to exempt it from the laws of 1920, the use of 10 rooms for hotel purposes would also exempt it. The use of 5 rooms or the use of two rooms would exempt it." Bearing in mind that the tax exemption and the control of rent were correlative provisions in effectuating the purpose of the

legislature in the so-called "housing legislation," it seems to be an altogether sound conclusion that if the use in an apartment house of some of the rooms for *quasi* hotel purposes does not relieve it of the burden of the Rent Laws a like situation should not be availed of to deprive it of the correlative exemption from taxation. The ultimate determination of the question here presented rests in sound common sense, and I think that that requires a granting of the writ prayed for. Settle order on notice.

Ordered accordingly.