TOWN OF CALEDONIA, Petitioner: HARRIS, Appellant, V. PUBLIC SERVICE COMMISSION, Respondent: CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY, Intervenor-Respondent.

*No. 136. Submitted November 30, 1972.—Decided January 3, 1973.*
(Also reported in 202 N. W. 2d 912.)

722

For the appellant Theodore W. Harris the cause was submitted on the brief of *Theodore W. Harris* of Racine, pro se.

For the respondent the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *William E. Torkelson,* chief counsel.

For the intervenor-respondent the cause was submitted on the brief of *Godfrey, Trump & Davidson,* attorneys, and *Richard R. Robinson* of counsel, all of Milwaukee.

HANLEY, J. The following issues are presented on this appeal:

1. Is the September 21, 1970, order of the commission denying a petition to reopen that part of the commission's July 25, 1969, order reviewable under secs. 227.15 and 227.16, Stats., where there was no attempt to seek judicial review of the prior initial order within the time and manner prescribed by law.

2. Is the petitioner a person aggrieved and directly affected by the September 21, 1970, order within the meaning of secs. 227.16 (1) and 227.15, Stats., so that he would have standing to file for review of that order.

Although petitioner has discussed in his brief at great length the propriety of the commission's original decision to close the 6½ Mile Road crossing, it is clear that the threshold question is whether the petition for review filed in the circuit court was timely.

The order of the commission which the petitioner seeks to have reviewed by his petition is the September 21, 1970, order denying the petition of the town filed July 27, 1970, to reopen the portion of the July 25, 1969, order closing the 6½ Mile Road crossing. The circuit court dismissed the petition because of the failure by anyone to properly challenge the July 25, 1969, order in the time and in the manner provided in sec. 227.16, Stats., and that by this failure the July 25, 1969, order had become final and is not now subject to challenge by attempting to secure judicial review of an order denying a motion

to reopen it. We think the circuit court's decision to dismiss the petition on this basis was correct.

This court has always been firm in its position regarding judicial review of administrative agencies. In *Underwood v. Karns* (1963), 21 Wis. 2d 175, 179, 180, 124 N. W. 2d 116, it was stated that:

"Where a statute relating to an administrative agency provides a direct method of judicial review of agency action, such method of review is generally regarded as exclusive, especially where the statutory remedy is plain, speedy, and adequate."

Recently, in the case of *R. T. Madden, Inc. v. ILHR Department* (1969), 43 Wis. 2d 528, 550, 169 N. W. 2d 73, which involved an order increasing a workmen's compensation award by 15 percent because of a violation of a safety order by the employer, this court stated:

"It is apparent that the judicial review of the order was not brought pursuant to sec. 227.05, Stats. It was not challenged before the department. We have previously held that a 'specified and prescribed method for review of an administrative agency's order is exclusive . . .' *Cobb v. Public Service Comm.* (1961), 12 Wis. 2d 441, 457, 197 N. W. 2d 595. Since the method established by the legislature to challenge the order was not resorted to by the appellant, it has no standing to raise the question now.'

The procedure for judicial review of an order of the commission is governed by sec. 227.16, Stats. In material part this section provides as follows:

". . . Proceedings for review shall be instituted by serving a petition therefor personally or by registered mail upon the agency or one of its members or upon its secretary or clerk, and by filing such petition in the office of the clerk of the circuit court for Dane county . . . *all within 30 days after the service of the decision of the agency upon all parties as provided in s. 227.14*

*or in cases where a rehearing is requested within 30 days
after service of the order finally disposing of the applica-
tion for such rehearing,* or within 30 days after the final
disposition by operation of law of any such application
for rehearing. . . ." (Emphasis supplied.)

Sec. 227.15, Stats., goes on to state that ". . . if
specific statutory provisions require a petition for re-
hearing as a condition precedent, review shall be afford-
ed only after such petition is filed and determined" and
in case of a decision by the Public Service Commission,
such a petition for rehearing is required by sec. 196.405
(2), within twenty days after the service of a decision.

On August 28, 1969, the commission issued an order
denying the town's August 14, 1969, application for re-
hearing and any appeal to the circuit court would have
to be made within thirty days after the service of this
order.

Petitioner contends that the initial order issued on
July 25, 1969, was not a final order and did not become
so until it issued its order on September 21, 1970, deny-
ing the petition to reopen. The word "decision" as used
in ch. 227, Stats., has been construed to mean final or-
ders entered at the end of contested proceedings based
on findings of fact as required by sec. 227.03, Stats.
*Universal Organization of Municipal Foremen, Super-
visors & Administrative Personnel v. WERC* (1969), 42
Wis. 2d 315, 320, 166 N. W. 2d 239. Clearly the order
entered on July 25, 1969, meets the test enunciated in
*Universal, supra,* and is final.

Moreover, if petitioner's contention is accepted, the
reviewability of such an administrative determination
would be final only after a petition for reopening is filed.
Such a position, if accepted, would not only impose an
additional requirement of a petition to reopen proceed-
ings above and beyond the existing requirement of sec.
196.405, Stats., that a petition for rehearing be made

before a determination of the commission would become final, and therefore, subject to judicial review under secs. 227.15 and 227.16, but it would also permit the time for review to extend almost indefinitely.

This court has consistently rejected a procedure which would permit review of an order or judgment from which no timely appeal had been taken by a motion to reopen or set aside an order or judgment and then appealing from the order denying such motion. In *Chicago, St. P., M. & O. Ry. Co. v. Railroad Commission* (1922), 178 Wis. 293, 295, 189 N. W. 150, the court stated:

"No action will lie under sec. 1797–16, Stats., to test the lawfulness or reasonableness of an order denying a motion to rescind an order formerly made based upon the same facts. If it did, the limitation of ninety days for bringing an action to test the lawfulness of an order made by the *Commission* would be abrogated, for such a motion to rescind could be made at any time."

Recently this court held that the parties could not circumvent the normal procedure for appeal by attempting to appeal fom an order denying a motion for rehearing of an order granting summary judgment. In *Ver Hagen v. Gibbons* (1972), 55 Wis. 2d 21, 26, 197 N. W. 2d 752, the court quoted with approval from *Kellogg-Citizens Nat. Bank v. Francois* (1942), 240 Wis. 432, 435, 436, 3 N. W. 2d 686, where the court stated:

". . . What the appealing defendant seeks to do in this case is to relitigate matters disposed of by previous judgments and orders of the court. This court has held from the earliest day that where no appeal is taken from an order (or judgment) within the time limited, mere error in an order cannot be reached by appealing from an order denying a motion to set it aside. . . ."

Petitioner contends the subject matter jurisdiction of the commission was limited to the matter of ascertaining

the need for automatic signal protection for all railroad crossings in the town of Caledonia under sec. 195.28, Stats., as requested by the Grieshaber petition, and that it erred in expanding the matter to include the closing of any grade crossing involved under sec. 195.28. We find no merit to this contention. The commission broadened the scope of the issues to include the closing of any crossings by acting on its own motion which it had the power to do under sec. 195.03 (2).

We conclude that the order of the circuit court dismissing the review proceeding entered on March 3, 1971, must be affirmed. Because the order is affirmed we do not reach the issue of whether petitioner Harris is a "party aggrieved" and "directly affected" by the September 21, 1970, order sought to be reviewed.

*By the Court.*—Order affirmed.