WISCONSIN TELEPHONE COMPANY, Respondent, vs. WISCONSIN EMPLOYMENT RELATIONS BOARD, Appellant.

*October 14—November 16, 1948.*

For the appellant there were briefs by the *Attorney General, Steward G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

For the respondent there were briefs by *Miller, Mack & Fairchild,* and oral argument by *J. Gilbert Hardgrove* and *James P. Brody,* all of Milwaukee.

*Edwin R. Hackett* of Chicago, Illinois, for the Wisconsin Telephone Clerical Union.

FRITZ, J. The principal parties will be referred to hereinafter as follows: The Wisconsin Labor Relations Board as the "board," the Wisconsin Telephone Company as the "employer," and the Wisconsin Telephone Clerical Union as the "union." Briefly stated, the following facts are material on this appeal.

The board's action in appointing the conciliator under and for the purposes stated in secs. 111.53, 111.54, Stats., was taken pursuant to the union's petition filed July 1, 1948, which was signed by its name by its president, but was unverified.

In the petition the union alleged,—

That the employer is a public utility, and its general business is "telephone communication" and it has approximately twelve thousand employees; that the collective-bargaining unit [the union] involved has approximately five hundred seventy nonsupervisory employees of the accounting department; ". . . The undersigned [union] hereby certifies that collective bargaining in a labor dispute between the above-named public utility employer and its employees has reached an impasse and stalemate, with the result that the employer and employees are unable to effect settlement thereof, and that the issues involved in such dispute are as follows: The undersigned request that pursuant to sec. 111.54 of the Wisconsin statutes, the Wisconsin Employment Relations Board appoint a conciliator, who shall expeditiously meet with the disputing par-

ties and shall exert every reasonable effort to effect a prompt settlement of the above dispute."

On July 2d the board appointed a conciliator by a so-called "order," by which it reiterated, among other matters,—

" . . . it appearing to the Wisconsin Employment Relations Board . . . that the collective-bargaining process has reached a stalemate and that such dispute, if not settled, is likely to cause the interruption of an essential service. . . ."

Thereupon the employer filed a motion, with an affidavit in support thereof, to dismiss the petition for appointment of a conciliator. A motion to strike the employer's motion was then filed by the union, together with a statement of its reasons. Upon receipt of these motions, the board notified the conciliator to take no further steps until it had held a hearing on the countermotions of the employer and the union. After hearing the arguments of the parties in relation to those motions, the board, on July 17, 1948, denied the employer's motion to dismiss the union's petition and reaffirmed the appointment of the conciliator. In an accompanying memorandum the board, in response to the employer's contention that the labor dispute in question could not cause an interruption of essential public service by the employer because the union employees involved all work in the accounting department and are not employed in operational service, stated:

" . . . There is no doubt that so far as these parties are concerned an impasse or stalemate in the collective-bargaining process, as contemplated in the statutes, has been reached. . . . The principal question submitted to the board by this motion is whether or not this dispute if not settled is likely to cause the interruption of an essential service. . . . It is, of course, true that no one can say with any assurance that a strike by these employees either would or would not result in the interruption of telephone service anywhere in this state. With plant and operating departments both working, telephone service would undoubtedly continue for some period of time. A prolonged strike always carries with it the ominous threat of

disorder. Strikers lose patience, wise counsel gives way to irresponsibility. There is frequently an infiltration into the picket lines of communists and others of their ilk bent upon stirring up trouble. Any time that a strike is called and a picket line established, such conditions are likely to arise. If they would as a result of a strike called by these employees, there is likely to be a stoppage of telephone service and thus an interruption of an essential service."

The proceeding in the circuit court for Dane county was commenced by the employer filing a petition alleging matters upon which it prayed (1) for the review under ch. 227, Stats., of the board's determination, on July 17, 1948, denying the employer's motion to dismiss the union's petition for the appointment of the conciliator, and (2) for the reversal and setting aside of the board's order making said appointment, with directions to the board to dismiss the union's petition for such an appointment. The employer's principal contention in relation to matters alleged and the relief sought in that petition is that the appointment of a conciliator was invalid because of the board's failure to take any evidence prior to making the appointment, and because there was no basis, either in the evidence or in facts of which the board could take official notice, for such an appointment.

The board moved to dismiss the employer's petition upon the grounds, principally, that it appears upon the face thereof that the circuit court has no jurisdiction for a judicial review, under ch. 227, Stats., of the board's action in appointing a conciliator under sec. 111.54, Stats.

After a hearing in relation to the matter stated in the employer's petition and in the return thereto by the board, the trial court denied the board's motion to dismiss the employer's petition and entered the order and judgment reversing and setting aside the appointment of the conciliator; and from that order and judgment the board appealed.

The relief sought by the employer in the proceeding commenced in the trial court is the statutory relief authorized on a judicial review under ch. 227, Stats., of such administrative decisions as are within the terms of sec. 227.15, Stats. Consequently if, as the board contends, its action in appointing a conciliator under sec. 111.54, Stats., is not an "administrative decision" within the definition of that term in sec. 227.15, Stats., the board's action in that respect is not reviewable under ch. 227, Stats. In that event the employer's petition for review should have been dismissed by the trial court. As we stated in *United R. & W. D. S. E. of A. v. Wisconsin E. R. Board,* 245 Wis. 636, 638, 15 N. W. (2d) 844, in relation to the judicial review under ch. 227, Stats., of an order of the Wisconsin Employment Relations Board, "the right of review is entirely statutory, and that the orders of the board are not reviewable unless made so by the statutes." When an attempt is made to appeal from a nonappealable order, the supreme court does not have jurisdiction for any purpose, except to dismiss the appeal. *Wendt v. Dick,* 219 Wis. 230, 262 N. W. 576; *Delpo Corp. v. Northern States Power Co.* 215 Wis. 329, 330, 254 N. W. 553.

There is no statutory provision which expressly authorizes the judicial review of the board's action in the appointment of a conciliator under sec. 111.54, Stats. But any intent on the part of the legislature that there may be such a review can be deemed to be impliedly negatived by the fact that although in secs. 111.60 and 111.59, provision is duly made for judicial review on certain grounds of the order by an arbitrator appointed under sec. 111.55, Stats., there is no similar provision in respect to steps by the board preliminary thereto. When in such statutes, the legislature enumerates grounds of judicial jurisdiction it is considered to imply its intent to withhold jurisdiction in cases which are not enumerated. As the court

said in *State ex rel. Owen v. Reisen,* 164 Wis. 123, 126, 159 N. W. 747,—

"The particular specification of jurisdiction conferred in certain cases excludes the idea that the legislature intended to confer jurisdiction in other cases."

However, the employer contends that although there is no express statutory authorization for review of the board's appointment of a conciliator under sec. 111.54, Stats., the review sought by the employer is authorized under the general provisions in sec. 227.15, Stats., that,—

"Administrative decisions, which directly affect the legal rights, duties or privileges of any person, whether affirmative or negative in form, except the decisions of the department of taxation, the commissioner of banks and the commissioner of savings and loan associations, shall be subject to judicial review as provided in this chapter ; . . ."

On the other hand, the board contends that such judicial review is not permissible because, (1) the board's appointment of a conciliator is not a "decision" which is reviewable within the meaning of that statute, but is rather a preliminary act by the board in its legislative capacity that does not directly affect the legal rights, duties, or privileges of the parties ; and (2) that the employer has not shown itself aggrieved by such act of the board.

The board's contention in those respects must be sustained. As we said in *United R. & W. D. S. E. of A. v. Wisconsin E. R. Board, supra,* p. 641,—

". . . under sec. 227.16, Stats., the only person entitled to the judicial review of a decision of the board in a contested case is 'any person *aggrieved* by a decision in a contested case and *directly affected* thereby.' There is *no showing* in the union's petition that it has been aggrieved. It is not directed by the order to do or to refrain from doing anything. . . ."

Likewise, as in the case at bar, the employer is not directed to do or to refrain from doing anything by the board's pre-

liminary action in merely appointing the conciliator, the employer can no more be aggrieved thereby than the union could be considered aggrieved by the board's order for the referendum in the case last cited.

The fact that under the terms used in sec. 227.15, Stats., the only acts or orders of an "agency" (as defined in sec. 227.01 (1), Stats.) having state-wide jurisdiction which can be reviewed under sec. 227.15, Stats., are such "administrative decisions" as are defined therein, is indicative of the legislative intent not to authorize the review of mere preliminary action of a board in its legislative capacity which does not of itself directly affect such legal rights, duties, or privileges of any party.

As stated in 42 Am. Jur., Public Administrative Law, pp. 577-579, sec. 196,—

"Courts are averse to review interim steps in an administrative proceeding. Whether review is sought in nonstatutory or statutory proceedings, review of preliminary or procedural orders is generally not available, primarily on the ground that such a review would afford opportunity for constant delays in the course of administrative proceedings for the purpose of reviewing mere procedural requirements or interlocutory directions. Broad language of statutes providing for judicial review of orders of regulatory commissions has been construed as not extending to every order which the commission may make, and mere preliminary or procedural, as distinguished from final, orders have been held not to be within such statutes, especially where the context of the provision indicates that the orders for which review is provided are such as are of a definitive character dealing with the merits of a proceeding and resulting from a hearing upon evidence and supported by findings. . . . . Statutory review has been denied by the courts where, although the action sought to be reviewed may have the effect of forbidding or compelling conduct on the part of the person seeking to review it, this result will follow only if some further action is taken by the administrative authority, on the theory that the order sought to be reviewed does not of itself adversely affect the complainant, but only affects his

rights adversely on the contingency of future administrative action." 42 Am. Jur., Public Administrative Law, pp. 577, 578, sec. 196; *Federal Power Comm. v. Edison Co.* 304 U. S. 375, 385, 58 Sup. Ct. 963, 82 L. Ed. 1408; *Rochester Tel. Corp. v. United States,* 307 U. S. 125, 129, 131, 59 Sup. Ct. 754, 83 L. Ed. 1147; *Shannahan v. United States,* 303 U. S. 596, 58 Sup. Ct. 732, 82 L. Ed. 1039; *National L. R. Board v. Falk Corp.* 308 U. S. 453, 60 Sup. Ct. 307, 84 L. Ed. 396; *National L. R. Board v. International Brotherhood E. W.* 308 U. S. 413, 60 Sup. Ct. 306, 84 L. Ed. 354; *Delaware & Hudson Corp. v. United States,* 266 U. S. 438, 45 Sup. Ct. 153, 69 L. Ed. 369.

The scope or nature of the matters reviewable under ch. 227, Stats., is limited under the definitions in sec. 227.01 (1) and (3) and sec. 227.15, Stats., to the review of "administrative decisions" in "contested cases" by the state "agencies" described therein, which are "authorized by statute to exercise rule-making powers or to adjudicate contested cases."

The term "contested cases" as defined in sub. (3) of sec. 227.01, Stats., means,—

". . . a proceeding in which, after hearing required by law, the legal rights, duties or privileges of any party to such proceeding are determined or directly affected by a decision or order in such proceeding and in which the assertion by one party of any such right, duty or privilege is denied or controverted by another party to such proceeding."

The board's action which the employer seeks to have reviewed is neither an exercise of the rule-making power, nor is it a determination in a proceeding in which there was "a hearing required by law" and after such a hearing, "the legal rights, duties or privileges of any party to such proceeding are determined or directly affected by a decision or order in such proceeding;" or in which "the assertion by one party of any such right, duty or privilege is denied or controverted by another party to such proceeding."

Moreover, that it was the legislative intent that the decisions which were intended to be subject to review are final orders entered at the end of the *contested proceedings* and are based on *findings* made pursuant to the evidence submitted in a formal hearing "required by law," is clearly indicated by such provisions in ch. 227, Stats., as the following,—

227.13. "Every decision of an agency in a contested case shall be in writing accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise and separate statement of the ultimate conclusions upon each contested issue of fact without recital of evidence."

227.18. "Within thirty days after service of the petition for review upon the agency, or within such further time as the court may allow, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceedings in which the decision under review was made, including all pleadings, notices, testimony, exhibits, findings, decisions, orders and exceptions, therein, . . ."

The mere fact that the board designated its action in appointing a conciliator upon the union's petition an "order" does not make it, as a matter of fact or law, an "administrative decision or order" within the meaning of that term as used in secs. 227.15 and 227.01 (3), Stats., if the board's action is not an administrative decision or order in substance.

The provisions in sec. 111.54, Stats., under which the board appointed a conciliator, read,—

"If in any case of a labor dispute between a public utility employer and its employees, the collective-bargaining process reaches an impasse and stalemate, with the result that the employer and the employees are unable to effect a settlement thereof, then either party to the dispute may petition the board to appoint a conciliator from the panel, provided for by section 111.53. Upon the filing of such petition, the board shall consider the same, and *if in its opinion, the collective-bargaining process,* notwithstanding good-faith efforts on the part of both sides to such dispute, *has reached an impasse and stalemate*

*and such dispute, if not settled, will cause or is likely to cause the interruption of an essential service, the board shall appoint a conciliator* from the panel to attempt to effect the settlement of such dispute. The conciliator so named shall expeditiously meet with the disputing parties and shall exert every reasonable effort to effect a prompt settlement of the dispute."

Under those provisions the appointment of a conciliator is not something which the board cannot do until after a hearing required by law. There is no provision in secs. 111.50 to 111.64, Stats. (in relation to "Public Utilities," which are part of ch. 111, Stats., in relation to "Employment Relations"), that can be held to require the board to hold such a hearing, or to even indicate that the legislature intended that a hearing shall be held before the board can appoint a conciliator who, as is prescribed in sec. 111.54, Stats., "shall *expeditiously* meet with the disputing parties and shall exert every reasonable effort to effect a *prompt* settlement of the dispute."

The only prerequisites prescribed by sec. 111.54, Stats., to the board's appointment of a conciliator are the matters stated in the italicized provisions in that statute, as quoted above.

In view of these provisions it is evident that the legislature did not intend that such an appointment could not be made until after a hearing by the board at which evidence was introduced upon which the board made findings of fact as the basis for such appointment.

However, when the conciliator is duly appointed, he has no power to issue any subpoena or order which would bind the employer or any of the parties, or require or compel them to meet with him if they do not choose to do so or to do or refrain from doing anything; nor is there any penalty for their refusing to conform with the requests of the conciliator. His only function is to expeditiously meet with the disputing parties to effect a voluntary settlement and if he is unable to do so to report back to the board within the fifteen-day period provided in sec. 111.55, Stats. His services are without expense to either

party. (Sec. 111.53, Stats.) There is no requirement that any formal hearing must be held before there can be made a preliminary investigation or report which the conciliator is authorized to make under secs. 111.54 and 111.55, Stats.

As is stated in 42 Am. Jur., Public Administrative Law, p. 413, sec. 85,—

". . . Powers of investigation may be exercised as preliminary to legislative action, as a step in determinative action, or apart from either of these. . . . The great bulk of information needed by the administrative agencies to effectuate their purposes is obtained without compulsion by voluntary testimony and production of documents, and by the use of public records and official reports. . . . An officer conducting an attempted investigation, lacking legal sanction, stands no better than any other interloper, but if an investigation is duly authorized, it is no more subject to obstruction than judicial proceedings. An official inquisition to compel disclosures of fact is not an end, but a means to an end, and the end must be a legitimate one to justify the means. . . ."

The duty which the conciliator is to perform under secs. 111.54 and 111.55, Stats., is for a legitimate end. His appointment by the board is only equivalent to its action in appointing an examiner under sec. 111.07 (5), Stats., to conduct a hearing on a complaint of unfair labor practice under sec. 111.07 (2). In either case the board's action in making of the appointment is merely a preliminary step by which, in the case of a conciliator, there are initiated investigatory proceedings which may or may not lead to subsequent proceedings under secs. 111.55 and 111.60, Stats., by an arbitrator or the board and result in an administrative decision which will be reviewable under ch. 227, Stats.

In view of the limited scope of the conciliator's authorized activities and the consequences thereof, which are merely preliminary to a possible subsequent appointment of an arbitrator, there can be no restriction on the employer's freedom of contract or its rights in any other respect; and the board's ac-

tion in appointing a conciliator is not of such a nature as to directly affect the legal rights, duties, or privileges of the employer so that it can be considered aggrieved thereby. Consequently, as the board's appointment of a conciliator is not an "administrative decision" in a "contested case," within the meaning of those terms as used in secs. 227.15 and 227.01, Stats., the employer is not entitled to a judicial review under ch. 227, Stats., and the trial court's order and judgment from which the board appealed must be reversed with directions to dismiss the employer's petition for such review.

*By the Court.*—Order and judgment reversed and cause remanded with directions to dismiss the employer's petition for review.

BROADFOOT, J., took no part.