NEIDER, Appellant, v. J. G. VAN HOLTEN & SON, INC., and others, Respondents.

*No. 44. Argued February 3, 1969.—Decided March 4, 1969.*
(Also reported in 165 N. W. 2d 113.)

604

For the appellant there was a brief and oral argument by *James L. Greenwald* of Madison.

For the respondent J. G. Van Holten & Son, Inc., there was a brief by *Immell, Herro, Buehner, DeWitt & Sundby* of Madison, and oral argument by *Jack DeWitt.*

For the respondents Local 695, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, and David Gourlie there was a brief by *Goldberg, Previant & Uelmen* of Milwaukee, and oral argument by *Richard M. Goldberg.*

HALLOWS, C. J.    On this appeal Neider does not seem to question these findings of the trial court but rather ignores them in his claim that the Union had a duty to represent him and he should be reinstated even though his application was not timely made.

We observe at the outset this suit for wrongful discharge is properly brought in the state court since it is permitted under sec. 301 (a) of the Labor Management Relations Act of 1947 (Taft-Hartley Act), 61 Stat. 156, 29 U. S. Code 185 (a). Although a state court has jurisdiction, it must apply federal law. *Smith v. Evening News Asso.* (1962), 371 U. S. 195, 83 Sup. Ct. 267, 9 L. Ed. 2d 246; *Tully v. Fred Olson Motor Service Co.* (1965), 27 Wis. 2d 476, 134 N. W. 2d 393.

As a general rule, before one can obtain court relief to acquire job reinstatement under a collective bargaining agreement, the employee must show he has exhausted the grievance procedure set up in the agreement. *Widuk v. John Oster Mfg. Co.* (1962), 17 Wis. 2d 367, 117 N. W. 2d 245; *see also* Annot. (1960), *Exhaustion of grievance*

procedures or of remedies provided in collective bargaining agreement as condition of employee's resort to civil courts for assertedly wrongful discharge, 72 A. L. R. 2d 1439; *Steelworkers v. American Mfg. Co.* (1960), 363 U. S. 564, 566, 80 Sup. Ct. 1343, 4 L. Ed. 2d 1403; *Clark v. Hein-Werner Corp.* (1959), 8 Wis. 2d 264, 269, 270, 99 N. W. 2d 132, 100 N. W. 2d 317, certiorari denied, 362 U. S. 962, 80 Sup. Ct. 878, 4 L. Ed. 2d 877.

As we understand Neider's argument, he contends the Union has a duty to represent him at the grievance hearing for which he himself petitioned after the expiration of the ten-day period. In this argument he is confronted with the finding of the trial court that he had an understanding with the Union that he would not seek reinstatement through Union help. Neider now insists that under *Humphrey v. Moore* (1964), 375 U. S. 335, 84 Sup. Ct. 363, 11 L. Ed. 2d 370, and *Vaca v. Sipes* (1967), 386 U. S. 171, 87 Sup. Ct. 903, 17 L. Ed. 2d 842, he is entitled to Union representation in his efforts to be reinstated. We think there is no merit in this argument. When a Union has decided with the employee that a grievance should not be prosecuted, the Union owes no duty to represent the employee if the employee later changes his mind and proceeds to initiate proceedings. This seems to us to be a stronger case than where the Union, when acting properly within its discretion, refuses to represent a member in a grievance proceeding. We said in *Fray v. Amalgamated, etc., Local Union No. 248* (1960), 9 Wis. 2d 631, 641, 101 N. W. 2d 782, a union has great discretion in processing the claims of its members and the courts will interfere with the union's decision not to present an employee's grievance only in extreme cases of abuse. This view of the law was approved and followed in *Cheese v. Afram Brothers Co.* (1966), 32 Wis. 2d 320, 145 N. W. 2d 716.

It is true there are some exceptions to the rules that a union may refuse to represent its members in grievance procedures. No substantial claim is made here that

Neider could not invoke the grievance procedure himself because it was exclusively for the Union. In fact, Neider did invoke the grievance procedure and he received a hearing on the merits; but he now complains the Union denied him fair representation because it caused him to proceed to the merits of his cause in such proceeding without representation. It is claimed that the bylaws prohibited an employee from being represented by counsel and therefore Neider had only the Union to rely on for help. The evidence shows, however, that such rule has not been uniformly enforced and that Neider did not ask for counsel or an adjournment when he knew the Union was not going to represent him.

We do not think this case comes within any of the exceptions; and further, whether counsel or Union representation would have been any more successful before the Joint State Committee than counsel was before the trial court in advancing reasons why there was a failure to file the appeal in ten days and why Neider should not have been discharged is speculative. The Joint State Committee had no duty to advise him of any right to counsel. *Humphrey v. Moore, supra; Tully v. Fred Olson Motor Service Co.* (1967), 37 Wis. 2d 80, 154 N. W. 2d 289.

We find no merit in Neider's argument that the hearing before the Joint State Committee was unfair because the chairman of the Union representation on the Joint State Committee raised the question of Neider's failure to file an appeal within ten days. Nor is there any merit in the argument the employer repudiated the contractual procedures for grievances because of the alleged wrongful discharge. The wrongful discharge, even if proved, is not a repudiation of the collective bargaining agreement so as to excuse compliance with the procedures to determine the wrongfulness of the discharge. We think the trial court properly dismissed the cause of action against the

employer on the ground of failure to exhaust the griev-ance procedure on the issue of reinstatement under the collective bargaining agreement.

The grounds for dismissing the complaint against the employer Van Holten are also sufficient for dismissing the complaint against the Union and Gourlie because there was no duty on the part of the Union or Gourlie to repre-sent Neider or to file an appeal after their agreement. In addition, Neider has not exhausted the internal rem-edies available to a Union member which are ordinarily a condition precedent unless such remedy would be futile, involve inordinate delay, or is beyond the jurisdiction of the union judging body provided in the agreement. *Kopke v. Ranney* (1962), 16 Wis. 2d 369, 372–374, 114 N. W. 2d 485; *Cheese v. Afram Brothers Co., supra.* Both the international constitution and the local union bylaws provided means to process grievances against the Union and its officers for failure to adequately represent members. We are not convinced that compliance with this procedure would have been futile. We cannot assume that Union will not fairly hear and decide complaints of its members. To do so would deny the validity of the whole procedure and excuse compliance in every case.

*By the Court.*—Judgment affirmed.