UNIVERSAL ORGANIZATION OF MUNICIPAL FOREMEN, SUPERVISORS & ADMINISTRATIVE PERSONNEL, Appellant, v. WISCONSIN EMPLOYMENT RELATIONS COMMISSION, Respondent.

*No. 200. Argued March 7, 1969.—Decided April 1, 1969.*
(Also reported in 166 N. W. 2d 239.)

For the appellant there was a brief by *Eisenberg, Kletzke & Eisenberg,* attorneys, and *Jerome F. Pogodzinski* of counsel, all of Milwaukee, and oral argument by *Mr. Pogodzinski.*

For the respondent the cause was argued by *William H. Wilker,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HEFFERNAN, J. We agree that the petition ought to have been dismissed. The letter was not a "decision" which could be reviewed by a court. Hence, the court was without jurisdiction to proceed upon the merits.

When it was determined that the matter before the court was not a "decision," the court had jurisdiction only to dismiss the petition. While the merits of the controversy were carefully considered and represent a high order of legal craftsmanship, the portion of the judgment relating to the merits is a nullity.

The pertinent statutes provide:

Sec. 227.15, Stats.:

"**Judicial review; orders reviewable.** Administrative decisions, which directly affect the legal rights, duties or privileges of any person, whether affirmative or negative in form, except the decisions of the department of taxation, the commissioner of banks and the commissioner of savings and loan associations, shall be subject to judicial review as provided in this chapter; but if specific statutory provisions require a petition for rehearing as a condition precedent, review shall be afforded only after such petition is filed and determined."

Sec. 227.18, Stats.:

"**Record on review.** Within 30 days after service of the petition for review upon the agency, or within such further time as the court may allow, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceedings in which the decision under review was made, including all pleadings, notices, testimony, exhibits, findings, decisions, orders and exceptions, therein; but by stipulation of all parties to the review proceedings the record may be shortened by eliminating any portion thereof. . . ."

Sec. 227.20, Stats.:

"**Scope of review.** (1) The review shall be conducted by the court without a jury and shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, testimony thereon may be taken in the court. . . ."

Sec. 227.06, Stats.:

"**Declaratory rulings.** (1) Any agency may, on petition by any interested person, issue a declaratory ruling

with respect to the applicability to any person, property or state of facts of any rule or statute enforced by it. Full opportunity for hearing shall be afforded to interested parties. A declaratory ruling shall bind the agency and all parties to the proceedings on the statement of facts alleged, unless it is altered or set aside by a court. A ruling shall be subject to review in the circuit court in the manner provided for the review of administrative decisions. . . ."

What determinations of administrative agencies are reviewable by the courts is well settled. Unless some special statutory provisions apply, the courts have jurisdiction only on a petition to review a "decision."

In *Frankenthal v. Wisconsin Real Estate Brokers' Board* (1958), 3 Wis. 2d 249, 88 N. W. 2d 352, 89 N. W. 2d 825, a real estate broker attacked the validity of an instruction of the Real Estate Brokers' Board embodied in a mimeographed letter relating to renewal of brokers' licenses. Frankenthal brought an action for declaratory judgment. The attorney general argued that the matter appealed from was a "decision" reviewable only under sec. 227.15, Stats., and, hence, was not properly brought by an action for declaratory judgment. This court disagreed with the attorney general and concluded that the matter appealed from was a rule and not a decision. In order to reach that conclusion, it restated and clarified the test that qualified a determination as a "decision" entitled to judicial review. The court therein said, at page 253:

"The *Wisconsin Telephone Co. Case* held that it was the legislative intent that administrative agency decisions which are reviewable under sec. 227.15, Stats., be final orders entered at the end of *contested proceedings* which are based on *findings of fact* required under sec. 227.13. In the instant case there was no *contested proceeding* in which the plaintiffs were accorded a hearing, and no findings of fact whatever were attempted to be entered."

In the absence of these factors in the administrative process, we determined that the legislature had not intended that there be a review under the Administrative Procedure Act—ch. 227, Stats.

It is apparent that the judicial review of a decision envisages a review upon the record, and in the present case we have no record except for the letter of Chairman Slavney. The necessity for a record was emphasized in *United Shoe Workers v. Wisconsin Labor Relations Board* (1938), 227 Wis. 569, 574, 279 N. W. 37:

"The court must examine the record to discover whether or not the findings of fact are supported by any evidence if the findings are challenged. If the findings of fact are so supported or are not challenged, it next inquires whether or not the facts found support the conclusions of the board; and, third, whether the board acted within the scope of its statutory powers in making the order or within its jurisdiction as is often said."

It is clear that the letter written by Chairman Slavney did not meet the requirements that have heretofore been set to qualify a determination as an administrative decision.

Additionally, the attorney general points out that the Slavney letter did not take the form of a decision. It did not purport to be the result of a specific proceeding or of findings by the commission. Rather, it was the statement of Chairman Slavney of prior rulings of the commission. The attorney for the commission also invites our attention to the practice of the commission in making decisions. It is the practice to make such decisions in the name of the commission as an entity, and each of the commissioners, including those whose names appear as dissenters, append their signatures to the decision or order. Here those procedures are totally absent. The purport of the letter was merely to express Commissioner Slavney's estimate of the commission's policies and prac-

tices. We pointed out in *Park Bldg. Corp. v. Industrial Comm.* (1960), 9 Wis. 2d 78, 85, 86, 100 N. W. 2d 571, that orders of an agency must be issued by the commission and not by a subordinate.

The letter of Morris Slavney did not constitute a decision of the commission and, hence, was not reviewable under the provisions of sec. 227.15, Stats.

Our determination in this respect affirms that of the trial court. We conclude, and in that respect we differ with the trial court, that, having made that determination, a court is bereft of all jurisdiction save to dismiss the petition.

In *Wisconsin Telephone Co. v. Wisconsin Employment Relations Board* (1948), 253 Wis. 584, 589, 34 N. W. 2d 844, we said (citing cases) :

". . . 'the right of review is entirely statutory, and . . . orders of the board are not reviewable unless made so by the statutes.' When an attempt is made to appeal from a nonappealable order, the . . . court does not have jurisdiction for any purpose, except to dismiss the appeal."

We should point out that the petitioner herein is not necessarily without a remedy. The trial court pointed out that petitioner would better have proceeded by extraordinary writ to compel a ruling that would reach the status of justiciability. We also note that sec. 227.06, Stats., sets forth procedures for securing a reviewable declaratory judgment to determine the "applicability to any person, property or state of facts of any rule or statute . . . ."

We, however, are not unmindful of the confusion that the letter of Commissioner Slavney might well have created in the mind of a layman. Without resort to the practices of the commission and the precedents of this court, that letter could easily be construed as a final decision of the commission. While, in the instant case, the

petitioner was represented by experienced counsel, who should not have mistaken his remedy, not all persons who write to or deal with the state commissions are represented by lawyers. We believe that it would have been the better practice to make it clear that the letter was not in itself a decision on the merits of the particular problem posed. We suggest that, when letters of inquiry are answered by letters of individual commissioners, such letters contain a disclaimer of official commission action so that it is clear to all, particularly laymen, that no "decision" is involved.

*By the Court.*—That portion of the judgment which purports to confirm the decision of the Wisconsin Employment Relations Commission made April 19, 1967, is stricken from the judgment, and the judgment dismissing the petition for review, as so modified, is affirmed.