65 Wis.2d 624 (1974)
223 N.W.2d 543
STATE, Appellant,
v.
WISCONSIN EMPLOYMENT RELATIONS COMMISSION and others, Respondents.
No. 347.
Supreme Court of Wisconsin.
Argued October 31, 1974.
Decided November 26, 1974.
*629 For the appellant there were briefs by John F. Kitzke and Lionel L. Crowley, both of Madison, and oral argument by Mr. Kitzke.
For the respondents there was a joint brief for the respondent WERC by Charles D. Hoornstra of Madison, and oral argument by Mr. Hoornstra; for the respondent Local 82 by Richard v. Graylow and Lawton & Cates, all of Madison, and oral argument by Mr. Graylow; and for the respondent Sam Guthrie by Thomas M. Jacobson and Sodos, Jacobson, Sodos & Melnick, all of Milwaukee, and oral argument by Thomas M. Jacobson.
*630 HANLEY, J.
The appeal presents these two issues:
1. Is an order of the Wisconsin Employment Relations Commission refusing to grant a motion to dismiss and permitting a hearing examiner's order for further hearing on the merits of the case to stand reviewable under ch. 227, Stats.?
2. Is the employer entitled to a declaratory judgment, as an alternative to a petition for review, declaring that the unfair labor practice charge must be dismissed and declaring that the Wisconsin Employment Relations Commission must make a determination as to the breach of a union's duty of fair representation prior to a hearing on the merits of the charge against the employer?
Question of review.
Here, the hearing examiner issued an order for further hearing on the merits of the dismissal of Guthrie. This decision was accompanied by a decision that the employer's motion to dismiss was "premature." No findings of fact or conclusions of law were entered and the examiner made no determination as to the questions raised by the employer.
The first question for determination is whether the orders of the WERC are reviewable. Sec. 227.15, Stats., provides that administrative decisions which directly affect the legal rights, duties or privileges of any person shall be subject to review, with some exceptions. If the order sought to be reviewed is not a "decision" within the meaning of the statute, the circuit court was without jurisdiction to proceed upon the merits and had jurisdiction only to dismiss the petition for review. Universal Organization of Municipal Foremen, Supervisors & Administrative Personnel v. WERC (1969), 42 Wis. 2d 315, 166 N. W. 2d 239. The right to judicial review of administrative decisions is entirely statutory and administrative orders are not appealable unless made so by the *631 statutes. When an attempt is made to appeal a nonappealable order, this court only has jurisdiction to dismiss the appeal. Wisconsin Telephone Co. v. Wisconsin Employment Relations Board (1948), 253 Wis. 584, 34 N. W. 2d 844.
The question of what administrative decisions are reviewable was thoroughly discussed in the recent case of Pasch v. Department of Revenue (1973), 58 Wis. 2d 346, 206 N. W. 2d 157. In that case this court said:
"An order that directly affects the legal rights, duties or privileges of a person is appealable pursuant to secs. 227.15 and 227.16, Stats., whether such order is denominated `final' or `interlocutory.'" (P. 356.)
In Pasch, it was determined that an order of the board of tax appeals finding jurisdiction to proceed to a hearing upon the merits of the controversy is not an order directly affecting the legal rights, duties or privileges of the petitioner in that case. The appellant argued that the jurisdiction question should be determined before the appellant is put to the expense and inconvenience of a lengthy proceeding. In reply to this argument, this court said:
"We are mindful of the fact that much time and expense might be saved if the courts would decide at this time that the commission had exceeded its jurisdiction; however, this consideration is outweighed by the resultant delay that would accompany review of these agency determinations and the disruption of the agency's orderly process of adjudication in reaching its ultimate determination." (P. 357.)
It was pointed out that the jurisdiction of the commission could be challenged upon review of the final decision of the commission. There was also a holding that at this stage of the proceedings, the appellant did not have an interest recognized by law that had been grievously, affected.
*632 This case controls the present action. The order involved did not determine the rights of any of the parties. It only held that motion to dismiss to be premature and found the two issues involved in the case to be so commingled that the efficiency of the commission's processes and the interest of justice required the taking of evidence on all the issues prior to the making of any determinations in the case.
The employer argues that the collective bargaining agreement provides the exclusive grievance procedure and order affects the employers in that it vitiates completely the exclusivity of the grievance procedure. It also asserts that the WERC has no authority to second-guess the union on the merits of the case and the WERC, therefore, must determine the fair representation question in order to maintain jurisidiction over the employer. The employer questions how often will it have to go through a full hearing where its contract provides the exclusive remedy.
The order of the hearing examiner did not, however, raise the issue of whether or not the employer's asserted defense is a valid one. The employer will still be able to argue that the grievance procedure was the exclusive remedy and if there is a determination in favor of the employee, the employer can appeal that determination. As was stated by the circuit court:
"The decision of the hearing officer to take all of the evidence before ruling may very well have prolonged the hearing somewhat, but at the same time having a complete record permitted both the Commission and reviewing court to have a complete record if they should find that a dismissal on the issue raised by the motion was improper. This in effect follows the philosophy of Davis v. Skille (1961), 12 Wis. 2d 482, 490, 107 N. W. 2d 458, and seems to us to be in accordance with a reasonable discretion to be exercised by the hearing officer in building a record, so that all of the facts are in the record and there is no likelihood that the case might be returned *633 for further hearings after appeal and review. This tends to the more prompt disposition of cases."
The circuit court's order as to the motion to dismiss the petition to review must be affirmed on the basis that the court had no jurisdiction but to dismiss the petition because the orders sought to be reviewed were not "administrative decisions" as that term is used in sec. 227.15, Stats.
Declaratory judgment.
The employer, in the amended petition for review, sought a declaratory judgment as to the proper procedure to be followed by the WERC. The procedure requested to be recognized would require the WERC to dismiss a complaint in a case like this if the employee fails to allege and prove that the employer prevented the employee from utilizing the contractual grievance procedure and that where the employee alleges unfair representation by the union and violation of the collective bargaining agreement by the employer, the employee must first prove and the WERC must first determine the unfair representation question prior to a hearing on the merits of the charge against the employer. The request for declaratory judgment specifically states that it is made pursuant to sec. 269.56, Stats.
A complaint for declaratory judgment must state:
"(1) A justiciable controversy (2) ripe for judicial determination (3) between persons whose interests are adverse and (4) involving a legally protectible interest in the plaintiff." American Medical Services, Inc. v. Mutual Federal Savings & Loan (1971), 52 Wis. 2d 198, 203, 188 N. W. 2d 529.
The trial court, however, does have discretion to not entertain an action for declaratory judgment at all if a judgment declaring rights would not settle the controversy and be merely an advisory opinion.
*634 The declaratory judgment requested here basically asks the court to declare that the procedure argued by the employer in the motion to dismiss and petition to review the orders denying that motion is the proper procedure to be followed.
In a number of cases this court held that a declaratory judgment could not be granted in a case like the present one. In Thomson v. Public Service Comm. (1940), 236 Wis. 157, 294 N. W. 517, it was held that an attempt to join with an action for review of commission orders an action for declaratory judgment was unwarranted and that the trial court only had the power to affirm the order or to vacate it and set it aside. In Cheese Makers Mut. Casualty Co. v. Duel (1943), 243 Wis. 406, 10 N. W. 2d 125, this court pointed out that the purpose of sec. 269.56, Stats., was to expedite justice and to avoid long and complicated litigation, not to interrupt legal proceedings presently in operation. The court went on to say:
"After careful consideration, we are of the view that this is not a case for declaratory relief, and in any event, that the trial court did not abuse its discretion in refusing a declaration. Proceedings are pending in which the question submitted for declaration may be fully and finally determined, and the fact that plaintiff's peculiar position and necessities make it desirable from its viewpoint to have a declaration is not a sufficient ground for disturbing the ordinary processes of liquidation. To yield to such considerations would inject innumerable and unwarranted interruptions into a proceeding which, as we can attest, has sufficient difficulties without such complications." (P. 415.)
In Superior v. Committee on Water Pollution (1953), 263 Wis. 23, 56 N. W. 2d 501, it was held that a review of the orders of the committee could not be had through the medium of a declaratory judgment action because ch. 227, Stats., provides the exclusive remedy for review.
Here, the employer brought a petition to review an administrative order. The hearing examiner's order *635 which is the basis for the review ordered a further hearing after which it will determine the issues involved in the requested declaration. Allowing the action for declaratory judgment would seriously interfere with the administrative process. This court has indicated its disfavor of laying down rules which will interfere with the efficient operations of administrative bodies: See: State ex rel. Cities Service Oil Co. v. Board of Appeals (1963), 21 Wis. 2d 516, 541, 124 N. W. 2d 809. Considering that the employer can seek review of an adverse determination on the issues involved in this case following further hearing, it is more proper to allow the agency to proceed to a final determination without interruption.
There is also a question as to the application of the doctrine of exhaustion of remedies. The doctrine does not go to the subject matter jurisdiction of the court, but it is addressed to the trial court's discretion to decline jurisdiction in favor of that of the agency. It contemplates a situation where some administrative action is under way but is as yet uncompleted. Sawejka v. Morgan (1972), 56 Wis. 2d 70, 201 N. W. 2d 528.
There is some language in cases by this court which indicates that the exhaustion doctrine only applies to review of agency action.
"To distinguish between the exhaustion rule and the primary-jurisdiction rule, it has been stated that the exhaustion rule relates to judicial review of an uncompleted administrative proceedings, whereas the primary-jurisdiction rule applies when there has been a total absence of any formal proceedings before the agency." Wisconsin Collectors Asso. v. Thorp Finance Corp. (1966), 32 Wis. 2d 36, 47, 145 N. W. 2d 33.
However, this court has applied the doctrine to deny injunctive relief where the plaintiff had made a timely application to abate a tax assessment. Metzger v. Department of Taxation (1967), 35 Wis. 2d 119, 150 N. W. 2d 431.
*636 Under the exhaustion of remedies doctrine the question is whether the circuit court abused its discretion in declining jurisdiction. Because the same issues were before the hearing examiner there would be no abuse of discretion in letting the examiner make a determination on the issues and then review the entire proceedings if that were necessary. Additionally, the statutes provide that review of the commission's orders is either to be brought by the commission seeking to enforce an order or pursuant to ch. 227, Stats. See sec. 111.07 (7) and (8).
The trial court also was of the opinion that a declaration such as requested by the employer would not terminate the controversy before the agency and would be only advisory. If that is the case it is within the discretion of the trial court to refuse to render a declaratory judgment. Sec. 269.56 (6), Stats., and American Medical Services, Inc. v. Mutual Federal Savings & Loan, supra.
In Neider v. J. G. Van Holten & Son, Inc. (1969), 41 Wis. 2d 602, 165 N. W. 2d 113, this court held that:
"As a general rule, before one can obtain court relief to acquire job reinstatement under a collective bargaining agreement, the employee must show he has exhausted the grievance procedure set up in the agreement." (P. 606.)
This is what the employer asked to be declared. The declaration of this principle would merely be advisory pending a determination of its applicability to the controversy.
The employer also has asked the court to declare that a determination must be made on the fair representation question prior to a determination of the merits of the discharge. This is a general rule but is inapplicable here because the issues are commingled. Therefore, a hearing on the merits of the discharge is necessary prior to the determination of the fair representation issue. In its answer to the amended complaint before the WERC, the union asserted that any action or inaction on its part was *637 based on a good-faith investigation of the facts presented. This defense put forth by the union would require the hearing examiner to determine the facts surrounding the discharge prior to ruling on the fair representation issue. Therefore, a declaratory judgment such as requested here would not terminate the controversy because the hearing of the merits of the discharge would still have to be heard as a part of the fair representation question.
If a proceeding of the nature involved here were allowed, administrative proceedings could be constantly interrupted and shifted back and forth between the agencies and the courts. While the employer is faced with a further hearing in this matter, to allow a proceeding of this nature would seriously hamper the efficient conduct of administrative proceedings. We think the better practice would be to have the examiner make a determination after hearing all of the testimony where he feels the issues cannot be separated and then have that determination reviewed in its entirety if review is necessary.
By the Court.Order affirmed.
DAY, J., took no part.