ALVIN M. TANDBERG, Executive Secretary Wisconsin Real EstateExamining Board
I.
You state that in the past the Wisconsin Real Estate Examining Board took the position that where a written verified complaint was filed with the Board by an individual charging a licensee with violations of the subsections set forth in sec. 452.10 (2), Stats. (1975), a hearing "had" to be set pursuant to sec. 452.10
(4), Stats. (1975), which provided in part that "[t]he examining board shall thereupon set the matter for hearing as promptly as possible and within 30 days after the date of filing the complaint."
The Board also had rules in the area which utilized the word "shall." See Wis. Adm. Code sections REB 3.02 and REB 3.03 (3).
You indicate that this procedure was followed in some cases even where an investigation by the Board indicated that no action was necessary. In certain instances a civil action involving some or all of the transactions was pending, and the attorney for the complainant may have wished to develop additional information for the civil action.
Section 452.10 (4), Stats., was repealed by ch. 418, Laws of 1977; and the same chapter created secs. 440.03 and 440.20 and amended sec. 452.10 (2), Stats., to provide:
 440.03 GENERAL DUTIES AND POWERS OF THE DEPARTMENT. (1) The department [of regulation and licensing] may adopt rules defining uniform procedures to be used by the board of nursing and all examining boards attached to the department for receiving, filing and investigating complaints, for commencing disciplinary proceedings and for conducting hearings.
 440.20 DISCIPLINARY PROCEEDINGS. Any person may file a complaint before any examining board or the board of nursing and request any board to commence disciplinary proceedings against any permittee, registrant or license or certificate holder.
 452.10 (2)(intro.) Subject to the rules promulgated under s. 440.03 (1), the examining board may also on its own motion, or *Page 32 
upon complaint in writing, duly signed and verified by the complainant, and upon not less than 10 days' notice to the broker or salesman, suspend any broker's or salesman's license or registration if it has reason to believe, and may limit or revoke such license or registration or reprimand the holder thereof as provided hereafter, if it finds that the holder of the license or registration has:
You inquire:
 Does the wording of section 452.10 (2) stats., which reads "the examining board may on its own motion, or upon complaint in writing, ________", and of section 440.20 stats. which reads "any person may file a complaint before any examining board or the board of nursing and request any board to commence disciplinary proceedings against any permittee, registrant or licensee or certificate holder", make it permissive and discretionary for the board to order or deny a hearing upon the filing of a written complaint, or is it mandatory that such hearing be held?
Neither sec. 440.20 nor sec. 452.10 (2), Stats., imposes a mandatory requirement upon the Examining Board to hold a hearing where a verified complaint is filed. In my opinion the use of the word "may" in both sections makes it a matter of discretion for the Board as to whether it shall proceed to formal hearing. SeeWisconsin Fertilizer Asso. v. Karns, 39 Wis.2d 95, 107,158 N.W.2d 294 (1968). The breadth of that discretion would, in part, depend upon the circumstances in each case.
Section 227.075 (1), Stats., which grants a person a right to a hearing under certain circumstances, is not applicable, because sec. 227.075 (3), Stats., provides that the section does not apply "to actions where hearings at the discretion of the agency are expressly authorized by law." That is the case here.
The Department of Regulation and Licensing has promulgated rules pursuant to sec. 440.03 (1), Stats. Such rules became effective November 1, 1978. See Wis. Adm. Code sectionsRL 2.01-RL 2.17. The Department did consider a proposal for a rule which would have required a board to proceed to hearing where a verified complaint was filed. It can be argued that the Department is without power to require a licensing board to proceed to hearing in such case. In any *Page 33 
event, the Department did not adopt such proposal. Wisconsin Administrative Code section RL 2.06 (3) provides that a complaint include:
 A request in essentially the following form: "Wherefore, the complainant demands that the board hear evidence relevant to matters recited herein, determine, and impose the discipline warranted;" and, (Emphasis added.)
Wisconsin Administrative Code sections RL 2.08 (1) and RL 2.09 (4) permit service of the complaint on the respondent-licensee and, where service is made, require that a verified answer shall be filed with the board and a copy be served on the complainant or on the complainant's attorney. At present, the Wisconsin Real Estate Examining Board has administrative rules, Wis. Adm. Code sections REB 3.02 and REB 3.03 (3), which utilize the word "shall" and which have been interpreted by the Board over a period of time as imposing a mandatory requirement on the Board to hold a hearing. The Board should continue to comply with the terms of its own rules unless they are altered.
II.
You state that the Wisconsin Real Estate Examining Board no longer hears its owns cases but uses a hearing officer in all of its hearings; and that as hearings are ordered by the Board, whether on its own motion or written complaint, the entire file is turned over to the Consumer Complaints Division of the Department of Regulation and Licensing for hearing before a hearing officer. You indicate that a problem arises when a preliminary motion to dismiss is filed before hearing.
You inquire whether the Board or the hearing officer has power to dismiss the hearing or deny the motion. You further inquire whether, if the hearing officer denies the motion to dismiss, he or she must render a proposed decision for the Board's consideration and action prior to proceeding to a hearing.
At the outset, I advise that the Examining Board has a duty to preside over the proceedings itself or to utilize a hearing officer as permitted by sec. 227.09, Stats., as amended by ch. 418, Laws of 1977. The proceeding remains before the Real Estate Examining *Page 34 
Board and is not a proceeding before the Department of Regulation and Licensing.
Most of the proceedings before your Board involve the denial, limitation, suspension or revocation of licenses; and the Board's present practice of having the hearing examiner conduct the hearing without the presence of a majority of the officials of the agency who are to render the final decision necessitates the use of the procedure set forth in sec. 227.09 (2), Stats. In my opinion, no contested motion to dismiss should be granted until an actual hearing is convened on notice. The hearing need not always be an evidentiary hearing. At the outset of the hearing, the hearing officer would have power to entertain such motion. Under the circumstances above, the hearing officer rather than the Board would make the initial decision as to whether to grant or deny the motion. If the hearing officer decides to deny the motion, it will be unnecessary for the officer to render a proposed decision, since a denial of such a motion is not a final decision subject to court review. Cf. State v. WERC,65 Wis.2d 624, 632-633, 637, 223 N.W.2d 543 (1974). On the other hand, if the officer decides that the motion should be granted, such officer should prepare a proposed decision of dismissal and include findings of fact, conclusions of law, opinion and order in a form which may be adopted by the Examining Board as the final decision in this case. The Examining Board could thereafter direct that the hearing examiner's decision be the final decision of the Board. See sec. 227.09 (3)(a), Stats. Such decision would be subject, if the complainant or respondent were aggrieved, to judicial review pursuant to sec. 227.16, Stats. Dismissal prior to evidentiary hearing would be proper if based on lack of jurisdiction, lack of timeliness and in certain other cases. Where the proceedings involve revocation or denial of a license, for reasons other than failure to pass a written examination, it would be a rare case where circumstances would permit dismissal of the proceedings prior to the conclusion of a meaningful evidentiary hearing on other than jurisdictional grounds or failure of the complaint to state a cause of action. See secs.452.11 (1) and 227.075, Stats., Mutual Fed. S L Asso. v. Sav. L. Adv. Comm., 38 Wis.2d 381, 391, 157 N.W.2d 609 (1968), andState ex rel. Dept. of Pub. Instruction v. ILHR, 68 Wis.2d 677,687, 229 N.W.2d 591 (1975).
BCL:RJV *Page 35