WISCONSIN'S ENVIRONMENTAL DECADE, INC., and another, Appellants, v. PUBLIC SERVICE COMMISSION OF WIS-CONSIN, Respondent.†

Supreme Court

*No. 77-366. Submitted on briefs January 9, 1980.—
Decided February 7, 1980.*
(Also reported in 287 N.W.2d 737.)

† Motion for reconsideration denied, without costs, April 1, 1980.

For the appellants the cause was submitted on the briefs of *Kathleen M. Falk* of Madison.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, *Steven M. Schur,* chief counsel, Public Service Commission, and *Steven Levine,* assistant chief counsel.

For the Wisconsin Electric Power Company there was a brief by *Larry J. Martin, Andrew M. Barnes* and *Quarles & Brady* of Milwaukee.

For the Madison Gas and Electric Company there was a brief by *John A. Hansen, Richard K. Nordeng, Susan*

*Steingass* and *Stafford, Rosenbaum, Rieser & Hansen* of Madison.

CONNOR T. HANSEN, J.    On February 3, 1977, the Public Service Commission (PSC) received a letter and complaint from Wisconsin's Environmental Decade, Inc. (Decade) concerning the residential electric rates of Wisconsin Electric Power Company and Madison Gas & Electric Company. The complaint, considered a petition by the PSC, alleged that the winter rates of these two utilities for energy usage greater than 1000 kilowatthours per month tended to encourage use of electricity for space heating. Decade further stated that the utilities involved were predicting that winter peak demand would exceed summer peak demand within the next decade or so, and that the allegedly promotional winter rates would contribute to the greater winter peak demand. Decade alleged that such rates were "discriminatory, insufficient, preferential and unreasonable and unjust" and violated secs. 196.03, 196.37 and 196.60, Stats.[1] Decade demanded that the PSC commence proceedings under secs. 196.28 and 196.29 for the purpose of changing the rates complained of in order to discontinue their promotional attributes and instead reflect their true marginal costs. The provisions of secs. 196.28 and 196.29 are set forth hereinafter. Responses to the complaint were filed by Madison Gas & Electric and Wisconsin Electric.

The PSC voted to deny Decade's petition with respect to both Madison Gas & Electric and Wisconsin Electric. An order was thereupon issued and set forth the following reasons for the denial of the petition:

"With respect to WEPCO, that company rightfully contends that objections to its rate design should be made in its present rate proceeding, Docket No. 6630–ER–2. On August 5, 1976, the Commission issued an order in

---

[1] Secs. 196.03, 196.37 and 196.60, Stats., relate to the regulation of rates and services of public utilities.

Docket No. 6630–ER–1 authorizing an increase in electric rates through a surcharge but reserving rate design issues for resolution in Docket No. 6630–ER–2. Wisconsin's Environmental Decade, Inc., is a party to the latter proceeding, and the issue raised in its petition may be adequately addressed in that proceeding.

"In the case of MG&E, that company points to the exhaustive proceedings which culminated in the recent November 9, 1976, rate Order in MG&E Docket No. 3270–UR–1. Cost studies were prepared in that docket by both the company and Commission staff, and rate structure alternatives were proposed by intervenors in that proceeding, including Wisconsin's Environmental Decade, Inc. A thorough discussion of cost of service and residential rate structure is contained in the November 9, 1976, order. Additionally, petitioner sought judicial review of the order in the Circuit court for Dane county, but raised no issue with respect to the winter residential electric rates authorized therein by the Commission. Initiating an investigation now would permit petitioner to collaterally attack a rate structure which it chose not to directly attack in its petition for judicial review.

"In light of the recently completed proceedings in Docket No. 3270–UR–1 and the current proceedings in Docket No. 6630–ER–2, the Commission believes the investigation petitioned for by Wisconsin's Environmental Decade, Inc., would constitute an unwarranted duplication of the time and efforts of all parties and the Commission."

The three commissioners filed a concurring opinion.

Decade and Citizens for a Better Environment, Inc. (Citizens) then filed a petition in circuit court for a review of the order of the PSC pursuant to sec. 227.15, Stats. The petition prayed for review of the PSC order and all of the findings, inferences, conclusions of law and decisions contained therein; a determination that the order was null and void; and that the proceeding be remanded to the PSC with directions to comply with sec. 1.11, Stats.,[2] before it took action on the petition Decade filed with the PSC on February 3, 1977.

---

[2] Wisconsin Environmental Policy Act.

In the circuit court the PSC moved to dismiss the petition for review on the ground that the order sought to be reviewed was not a decision reviewable under secs. 227.15 and 227.16, Stats. The PSC argued in the alternative that the order did not require preparation of an environmental impact statement or any other action under sec. 1.11, and the order should be affirmed. Wisconsin Electric and Madison Gas & Electric appeared in support of the position taken by the PSC.

The circuit court granted the motion of the PSC, dismissed the petition for review and an order was entered accordingly. The circuit court held that the order of the PSC was not reviewable under sec. 227.15, Stats., because the decision of the PSC not to conduct an investigation under secs. 196.28 and 196.29 was totally discretionary and was not a decision which adversely affected the substantial interests of any person, as is required for review under sec. 227.15.

The issue on this appeal is whether the order of the PSC denying a request that it exercise its investigative authority under secs. 196.28 and 196.29, Stats., is reviewable under secs. 227.15 and 227.16.

The appellants seem to take the position that any time a request is filed with the PSC for an investigation under secs. 196.28 and 196.29, Stats., the PSC must comply with the provisions of sec. 1.11 before it can exercise its discretion in determining whether to proceed with an investigation. Such a conclusion is illogical and would lead to an absurd result.

Thus, the appellants argue that the issue is whether the enactment of sec. 1.11, Stats., creates a "substantial interest" within the meaning of sec. 227.15, so as to make reviewable the alleged failure of the PSC to comply with sec. 1.11 prior to exercising its authority to dispose of a formal complaint under secs. 196.28 and 196.29. This question is not before this court. What was sought to be reviewed in the circuit court was not the alleged failure

of the PSC to comply with sec. 1.11 before it denied a request to exercise its authority under sec. 196.28, as appellants state. What was sought to be reviewed was the order of the PSC which denied the request that it take action under secs. 196.28 and 196.29.

The appellants alleged that the decision of the PSC not to exercise its authority under secs. 196.28 and 196.29, Stats., required the preparation of an environmental impact statement under sec. 1.11. Their petition requested the circuit court to remand the proceeding to the commission with directions to comply with sec. 1.11. However, the circuit court properly determined that it was without jurisdiction to review the order of the PSC; therefore it was not necessary for the circuit court to consider the issue of whether the PSC must comply with sec. 1.11 before making a decision under sec. 196.28. Thus, any issue concerning noncompliance with sec. 1.11 is not before this court. The only issue is whether the commission's order is reviewable under ch. 227.

We are of the opinion that the order of the PSC is not reviewable because it is not an administrative decision within the meaning of sec. 227.15, Stats. The decision of the PSC not to investigate this complaint against these utilities under secs. 196.28 and 196.29 is a nonreviewable, discretionary determination.

Secs. 196.28 and 196.29, Stats. 1975 (amended by ch. 29, sec. 1654(10) (c), Laws of 1977), provide:

"196.28 **Summary investigations.** Whenever the commission shall believe that any rate or charge may be unreasonable or unjustly discriminatory or that any service is inadequate or cannot be obtained or that an investigation of any matter relating to any railroad or public utility should for any reason be made, it may on its own motion summarily investigate the same with or without notice."

"196.29 **Procedure after summary investigation.** (1) If, after making such summary investigation, the com-

mission becomes satisfied that sufficient grounds exist to warrant a formal hearing being ordered as to the matters investigated, it shall set a time and place for a hearing.

"(2) Notice of the time and place for such hearing shall be given to the public utility or railroad, and to such other interested persons as the commission shall deem necessary, as provided in section 196.26, and thereafter proceedings shall be had and conducted in reference to the matter investigated in like manner as though complaint had been filed with the commission relative to the matter investigated, and the same order or orders may be made in reference thereto as if such investigation had been made on complaint."

Whether compliance with sec. 1.11, Stats., is necessary if a formal hearing is ordered pursuant to sec. 196.29 is not an issue before the court.

Review of the instant PSC order was sought under sec. 227.15, Stats. The pertinent statutes provide:

Sec. 196.41, Stats.:

"196.41 **Court review.** Any order or determination of the commission may be reviewed in the manner provided in chapter 227."

Sec. 227.15, Stats. 1975 (amended by ch. 187, sec. 68, and ch. 418, sec. 716zm, Laws of 1977):

"227.15 **Judicial review; orders reviewable.** Administrative decisions, which adversely affect the substantial interests of any person, whether by action or inaction, whether affirmative or negative in form, except the decisions of the department of revenue, the commissioner of banking, the commissioner of credit unions and the commissioner of savings and loan, shall be subject to judicial review as provided in this chapter."

Sec. 227.18, Stats.:

"227.18 **Record on review.** Within 30 days after service of the petition for review upon the agency, or within such further time as the court may allow, the agency shall transmit to the reviewing court the original or a certi-

fied copy of the entire record of the proceedings in which the decision under review was made, including all pleadings, notices, testimony, exhibits, findings, decisions, orders and exceptions, therein; but by stipulation of all parties to the review proceedings the record may be shortened by eliminating any portion thereof. . . ."

It is well settled that the right of judicial review is entirely statutory, and orders of administrative agencies are not reviewable unless made so by the statutes. *Friends of Earth v. Public Service Commission,* 78 Wis. 2d 388, 404, 254 N.W.2d 299 (1977) ; *State v. WERC,* 65 Wis.2d 624, 630, 631, 223 N.W.2d 543 (1974) ; *Pasch v. Department of Revenue,* 58 Wis.2d 346, 353, 206 N.W.2d 157 (1973) ; *Universal Organization of Municipal Foremen, Supervisors & Administrative Personnel v. WERC,* 42 Wis.2d 315, 322, 166 N.W.2d 239 (1969) ; *Milwaukee v. Public Service Comm.,* 11 Wis.2d 111, 123, 104 N.W.2d 167 (1960) ; *Wisconsin Tel. Co. v. Wisconsin E. R. Board,* 253 Wis. 584, 589, 34 N.W.2d 844 (1948). Sec. 227.15, Stats., provides that administrative decisions which adversely affect the substantial interests of any person shall be subject to review, with certain exceptions therein set forth. If the order sought to be reviewed is not a "decision" within the meaning of the statute, the court has no jurisdiction. *State v. WERC, supra,* at 630; *Universal Organization of Municipal Foremen, Supervisors & Administrative Personnel v. WERC, supra,* at 320. However, the term "decision," which sec. 227.15 employs in conferring the power of judicial review, is to be read in accordance with the legislative intent and not in its literal sense. *Pasch v. Department of Revenue, supra,* at 353. *See also: Friends of Earth v. Public Service Commission, supra,* at 404.

[This court has stated that the term "decision" as used in sec. 227.15, Stats., means a decision which is made after a statutorily prescribed hearing and fact finding.

*State ex rel. Thomas v. State,* 55 Wis.2d 343, 348, 198 N.W.2d 675 (1972). In *Frankenthal v. Wisconsin R. E. Brokers' Board,* 3 Wis.2d 249, 253, 88 N.W.2d 352, 89 N.W.2d 825 (1958), this court discussed the test that qualifies a determination as a "decision" entitled to judicial review. The court therein stated:

"The *Wisconsin Telephone Co. Case* held that it was the legislative intent that administrative agency decisions which are reviewable under sec. 227.15, Stats., be final orders entered at the end of *contested proceedings* which are based on *findings of fact* required under sec. 227.13. In the instant case there was no *contested proceeding* in which the plaintiffs were accorded a hearing, and no findings of fact whatever were attempted to be entered."

In *Frankenthal, supra,* a real estate broker attacked the validity of an instruction of the Real Estate Brokers' Board embodied in a mimeographed letter relating to renewal of brokers' licenses. Frankenthal brought an action for declaratory judgment. This court concluded that the matter appealed from was a rule of the agency and not a decision. In the absence of a contested proceeding and findings of fact, the court determined that the legislature had not intended that there be a review under ch. 227, Stats.

■ The legislative declaration that decisions of administrative agencies be reviewed under sec. 227.15, Stats., envisions a review of final orders entered at the conclusion of a *contested proceeding.* These final orders must be supported by a *record* and be based upon *findings of fact* and *conclusions of law* as required by sec. 227.10. *See: Universal Organization of Municipal Foremen, Supervisors & Administrative Personnel v. WERC, supra.*]*

In the case before us, the only items which appear in the record are a letter and petition by Decade alleging that the winter residential electric rates of two utilities

---

* Withdrawn. *See* memorandum opinion on motion for reconsideration, post, p. 659a.

were discriminatory and requesting the PSC to conduct an investigation under secs. 196.28 and 196.29, Stats.; objections to the petition by the two utilities; a memorandum to the PSC from a member of its staff; a memorandum stating that the PSC had voted to deny the petition; the order of the PSC denying the petition; and a concurring opinion by three of the commissioners. No hearing was conducted prior to the issuance of the order because there is no statutory requirement that a hearing be held prior to the decision of the PSC not to conduct an investigation under sec. 196.28.

It is clear that the order of the PSC was not an "administrative decision" under sec. 227.15, Stats. Therefore, the circuit court had no jurisdiction and it properly dismissed the petition for review.

The appellants have filed two motions requesting us to take judicial notice of certain documents and proceedings on file with the PSC. Since we affirm the order of the circuit court, we deem it unnecessary to further consider the motions.

*By the Court.*—Order affirmed.

The following memorandum was filed April 1, 1980.

PER CURIAM *(on motion for reconsideration).* In our original opinion it is stated,

"This court has stated that the term 'decision' as used in sec. 227.15, Stats., means a decision which is made after a statutorily prescribed hearing and fact finding. *State ex rel. Thomas v. State,* 55 Wis.2d 343, 348, 198 N.W.2d 675 (1972). In *Frankenthal v. Wisconsin R. E. Brokers' Board,* 3 Wis.2d 249, 253, 88 N.W.2d 353, 89 N.W.2d 825 (1958), this court discussed the test that qualifies a determination as a 'decision' entitled to judicial review. The court therein stated:
" 'The *Wisconsin Telephone Co. Case* held that it was the legislative intent that administrative agency decisions

which are reviewable under sec. 227.15, Stats., be final orders entered at the end of *contested proceedings* which are based on *findings of fact* required under sec. 227.13. In the instant case there was no *contested proceeding* in which the plaintiffs were accorded a hearing, and no findings of fact whatever were attempted to be entered.'

"In *Frankenthal, supra,* a real estate broker attacked the validity of an instruction of the Real Estate Brokers' Board embodied in a mimeographed letter relating to renewal of brokers' licenses. Frankenthal brought an action for declaratory judgment. This court concluded that the matter appealed from was a rule of the agency and not a decision. In the absence of a contested proceeding and finding of fact, the court determined that the legislature had not intended that there be a review under ch. 227, Stats.

"The legislative declaration that decisions of administrative agencies be reviewed under sec. 227.15, Stats., envisions a review of final orders entered at the conclusion of a *contested proceeding.* These final orders must be supported by a *record* and be based upon *findings of fact* and *conclusions of law* as required by sec. 227.10. *See: Universal Organization of Municipal Foremen, Supervisors & Administrative Personnel v. WERC, supra.*"

This language is withdrawn and in its place the following is substituted:

The legislative declaration that decisions of administrative agencies be reviewed under sec. 227.15, Stats., envisions a review of a decision which must be supported by a *record* and be based upon *findings of fact* and *conclusions of law* as required by sec. 227.10. *See: Universal Organization of Municipal Foremen, Supervisors & Administrative Personnel v. WERC, supra,* at 321.

In *Ashwaubenon v. Public Service Commission,* 22 Wis.2d 38, 46, 125 N.W.2d 647, 126 N.W.2d 567 (1963),

this court abrogated the requirement of a *contested case* as a condition to judicial review of administrative agency decisions, and reaffirmed that position in *Pasch v. Department of Revenue, supra,* at 345, n. 6.

Motion for reconsideration denied.

SHIRLEY S. ABRAHAMSON, J. *(dissenting on motion for reconsideration).* I would either further clarify the opinion without a rehearing or grant a rehearing. I agree with the court's deletion of the "contested case" language from the opinion. However, I think that as a result of the extensive deletion the parties are left with an inadequate opinion. The court concludes that "it is clear that the order of the PSC was not an 'administrative decision' under sec. 227.15, Stats.", but does not explain why this conclusion is so clear.